IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | No. 2:20-CR-23 |
| BRUCE THOMPSON, | : | |
| Defendant. | : | |

DEFENDANT BRUCE THOMPSON'S SENTENCING MEMORANDUM

Bruce Thompson is scheduled to appear before the Court for sentencing on August 23, 2021. For reasons set out in the presentence report and in this memorandum, Thompson submits that a below guideline sentence of 13 months is a reasonable sentence that fully addresses the concerns of 18 U.S.C. §3553(a).[1]

Thompson and four others participated in shooting a flare gun into the rear of a City of Gainesville patrol unit. Thompson was neither the shooter nor the driver. He was sitting in the rear seat of the sedan with two others. Fortunately, no one was injured. The damage to the vehicle is set at $3,678.17. Following his arrest, Thompson gave a complete and accurate uncounseled statement to the FBI; he later gave a consistent statement to the authorities.

---

[1] The plea agreement states that the parties recommend a time served sentence. Nothing has occurred since the change of plea hearing that changes that recommendation.

<u>Thompson's Immaturity is a §3553 Factor Warranting a Departure</u>

Justice Stevens in *Gall v. United States*, 552 U.S. 38 (2007) addressed the issue of youthful offenders. The Justice cited the Court's earlier opinion of *Roper v. Simmons*, 543 U.S. 551 (2205) which in turn referred to "a study stating that a lack of maturity and an undeveloped sense of responsibility are qualities that often result in impetuous and ill-considered actions." The Court sustained the trial court's reliance on Gall's immaturity at the time of the offense to be a mitigating factor.

Thompson has acted equally rashly and impetuously. During the George Floyd protests in Gainesville, he foolishly participated in the flare gun shooting by egging on his co-defendant to fire into the patrol car. In his more rational moments, he realizes there are correct and legal ways to protest.

<u>Thompson's Criminal History is Overstated - §4A1.3(b)</u>

Thompson has seven Criminal History points which places him in Criminal History Category IV. This column generates an advisory sentencing range that is double that in Category I: 24-30 v. 12-18. The nature of Thompson's prior convictions are far less egregious than other offenses which place a defendant in this category. A shift of two or three Criminal History Categories is warranted.

Thompson is 23 years old. His first offense occurred when he was 19 years old. The offense dealt with the unauthorized use of his employer's credit card. The total charge came to approximately $200.00. Thompson received a three year

sentence; three months to serve with the balance probated.  For this offense, Thompson is assigned three criminal history points.  He receives two more points for his misuse of a credit card two years later.  This time, Thompson used it for $20.00.  Finally, two points are assigned because he was on probation when this federal offense took place.

     Thompson's sentences are treated the same as sentences imposed for federal offenses involving far higher fraud loss amounts where sentences are much longer.  The guidelines treat a conviction carrying a year and a day the same as one with a forty year sentence. While the fraud loss offense table has multiple levels (16) to distinguish degrees of severity, the criminal history category does not have similar gradations to compare a 13 month sentence to a 40 year sentence.  The courts can appreciate the lack of incremental steps for the criminal history vertical part of the grid to that which exists on the horizontal offense level side.  (Six categories consisting of 13 points for criminal history versus 43 levels for offense conduct) The failure to draw distinctions regarding Thompson's prior criminal history leads to an inflated projected sentencing range.

     A departure under §4A1.3(b) to a Criminal History Category II or III is appropriate in this case.

<u>Release Plan</u>

     Thompson realizes that he needs a change.  He was sent to Gainesville as a

teenager because he did not get along with his mother. He has since made peace with her. Upon release, he intends to return to Jackson, Mississippi to live with his mother and find gainful employment. The Probation Office has been informed of this plan. He believes the transfer of his supervised release has been or will be approved.

Conclusion

The current advisory guideline sets the sentencing range at 24 - 30 months. A departure to 13 months is supported by the facts of the case and the defendant's personal history. A below guideline sentence is still a penalty that is reasonable but not harsher than necessary to address the criteria of 18 U.S.C. §3553(a). If the requested sentence is imposed, Bruce Thompson would be immediately released.

                                      Respectfully submitted,

                                      /s/ *Jay L. Strongwater*
                                      Jay L. Strongwater
                                      Georgia Bar No. 688750

Strongwater & Associates, LLC
1360 Peachtree Street
Suite 910
Atlanta, Georgia  30309
404.872.1700
Counsel for Bruce Thompson

CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a true and correct copy of the within and foregoing pleadings upon counsel for the government by electronically posting through the District Court's ECF Filing System, addressed as follows:

Gregory E. Radics, Esq
Assistant United States Attorney
gregory.racis@usdoj.gov

This  19th  day of  August , 2021.

    /s/ *Jay L. Strongwater*
Jay L. Strongwater
Georgia Bar No. 688750

Strongwater & Associates, LLC
1360 Peachtree Street
Suite 910
Atlanta, Georgia  30309
404.872.1700
Counsel for Bruce Thompson